### WILMINGTON STEAMBOAT CO. v. WALKER et ux.

(Circuit Court of Appeals, Third Circuit. February 2, 1903.)

#### No. 40.

1. CARRIERS—ACTION FOR INJURY TO PASSENGERS—QUESTIONS FOR JURY.

In an action for the personal injury of a passenger on defendant's steamboat, due to a failure of a part of the boat's machinery to operate, where it was shown that certain nuts were loose, and needed frequent attention, and the evidence as a whole presented a substantial question as to whether, if they had been properly examined before the disaster, it might not have been avoided, the question of defendant's negligence was properly submitted to the jury.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

John H. Backes and A. E. Peterson, for plaintiff in error.

Eugene Raymond, for defendants in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This writ of error has brought up the record in an action by the defendants in error, Andrew C. Walker and Martha Walker, his wife, against the plaintiff in error, the Wilmington Steamboat Company, to recover for personal injuries sustained by Martha Walker while she was a passenger on a steamboat operated by the said steamboat company, and for losses and expenses suffered and incurred by Andrew C. Walker in consequence thereof. The court below was requested to instruct the jury to find for the defendant, and the only specification which seems to be insisted upon or which merits consideration is to the effect that the learned judge erred in refusing that request.

It was conclusively shown that Mrs. Walker was a passenger on the steamboat, and that the accident which occasioned her injury was caused by the failure of a part of its machinery to operate; and thereupon the burden was cast upon the defendant to prove that this failure was not due to any lack of due care on its part. That this burden was not sustained to the satisfaction of the jury is shown by its general verdict, and also by its special findings. But the verdict is not reviewable here, and therefore that considerable portion of the plaintiff's brief which invokes our consideration of the weight or preponderance of the evidence is not pertinently directed. The true and only question now for decision is, was there any evidence upon which the verdict which was rendered could reasonably have been founded? And upon that question we have no doubt. It was testified by the defendant's engineer that the immediate cause of the accident was the failure

of the port reversing cylinder to reverse the port engine, and the only point upon which there could have been or was any real controversy was as to whether this failure of the cylinder to act as it should have acted did or did not result from a condition which could have been foreseen, and ought to have been prevented. The theory of the defendant was that the difficulty arose from a small piece of rubber packing having become lodged in a certain valve, and that this was a latent and hidden source of mischief, which could not have been provided against. There was some testimony tending to support this theory, but the engineer himself stated that a certain jam nut had been slack, and that such nuts needed to be examined once or twice a day; and the evidence as a whole presented a substantial question as to whether, if they had been properly examined before the happening of the disaster, it might not have been avoided. That question was certainly for decision by the jury, and therefore was, of course, rightly referred to it.

The judgment is affirmed.